## CRAPPS *v.* CRAPPS.

1. Under the facts shown in the record the court did not err in ordering the issuance of the writ of ne exeat.
2. Nor did the court err in refusing to revoke the order of ne exeat previously granted, and to cancel the bond given in compliance therewith.

No. 1036. DECEMBER 11, 1918.

Ne exeat. Before Judge Harrell. Calhoun superior court. May 16, 1918.

Alice Crapps brought a petition against her husband, Will Crapps, for temporary and permanent alimony and attorney's fees, alleging, among other things, that the defendant, on a day named, abandoned her; that he sold practically all of her household goods, resided apart from her, and refused to contribute anything to her support and the support of their three children of tender age; that she has no property; that the defendant at the time he abandoned her became intimate with another woman, and threatened to kill petitioner if she did not leave him; that he lately had a marriage ceremony between himself and the other woman performed; and that, "as soon as defendant learns of this effort on the part of petitioner to require him to support herself and children, the defendant will immediately abscond with the said other woman, if not stayed by the State's writ of ne exeat." In addition to the prayers for alimony and attorney's fees, it is prayed that the defendant be stayed by the writ of ne exeat republica from departing beyond the State without leave of the court. This petition, duly sworn to, was presented to the judge on March 9, 1918; and he thereupon granted an order that the defendant be required to show cause, on March 18th, why the prayer for temporary alimony should not be granted, and in connection therewith he ordered that the writ of ne exeat republica be issued in terms of the statute, requiring bond of the defendant, as prayed, in the sum of $250. On March 13, 1918, the petition was filed in the office of the clerk of the superior court, and on that date the clerk issued the writ of ne exeat. The defendant gave the bond required. Subsequently he filed a petition for revocation of the writ of ne exeat, and for cancellation of the bond given in pursuance thereof. Upon the hearing the court refused to grant an order revoking the writ of ne exeat.

*A. L. Miller,* for plaintiff in error.　*E. L. Smith,* contra.

BECK, P. J.　(After stating the foregoing facts.)

1.　We are of the opinion that the court did not err in refusing to revoke the judgment ordering the issuance of the writ of ne exeat.　The allegations which we have quoted in the statement of facts sufficiently set forth grounds for the issuance of the writ; the writ issued was expressly prayed, and the petition was positively verified.

2.　There seems to be a multiplicity of writs and orders in this case, some of which we have not referred to, as it is not necessary to set them out in the statement of facts; but in the midst of the confusion it stands out clearly that there was a petition for a writ of ne exeat submitted to the court, who granted an order, and the petition and this order were filed with the clerk of the superior court, and that the latter thereupon issued the writ of ne exeat. The fact that a premature writ of ne exeat was issued before the petition was filed, and that subsequently another order was granted for the issuance of the writ, does not destroy the fact that there was a valid order and a valid writ of ne exeat.　The writ of ne exeat issued by the clerk on the 13th of March, 1918, was subsequent to the filing of the petition and the order of the judge thereon. Whether the petition for alimony and ne exeat should have been filed before the issuance of the writ is not distinctly raised by the assignments of error, and the court does not decide that question; though, if it had been raised, it would seem that where an order was granted by the judge upon the presentation to him and was then immediately filed, the writ issuing thereon would be good. It does not appear from the evidence submitted on the hearing of the motion to revoke whether the bond which movant seeks to have canceled was given in pursuance of the first order of ne exeat or the last one.　The allegations in regard to the orders are somewhat obscure and confusing, but no error is made to appear in the final order of the judge; and that being true, it will not be disturbed.　　　　*Judgment affirmed.　All the Justices concur.*